## Sutton, for the use of Floyd *vs* Floyd.
## Floyd's administrator *vs* Same.

### ERROR TO THE GARRARD CIRCUIT.

*Payment.   Commissioners' books.   Evidence.*

JUDGE MARSHALL delivered the opinion of the Court.

WHATEVER doubt may be raised upon the question of fact whether John Floyd intended the payment of these notes as advances to his son Christopher, we think there is enough to authorize a finding that the payments were

DEBT.

Case 2.

*September 12.*

made with that intention. And this being so, the case of *Brown* vs *Brown's administrator.* (4 *B. Monroe,* 535,) decides that the payments themselves consummated the gift without any delivery of the notes to the donee.

There is no error in the Court in refusing to give instructions which are abstractly correct, unless the evidence conduces to the proof of the state of case supposed.

As it is clear that there was no effort to prove or rely on any other payment than that made by John Floyd, and that the whole contest of fact and law turned upon the question whether the payments undisputedly made by him, were intended as advancements to Christopher, and whether if so intended, they operated to discharge him from his obligation to pay the notes, we are of opinion that there was no error prejudicial to the plaintiff in refusing those instructions which were directly applicable to the issue made by the first plea, which alledged payment by Christopher Floyd, even if those instructions be abstractly correct. The cases were clearly placed before the jury, upon the single question whether the payments by John Floyd were intended as advancements or gifts to the defendant, Christopher. And upon this question the jury were properly allowed to consider all the circumstances of the case, including lapse of time which, although as not being quite twenty years, it did not, of itself, authorize a presumption of payment by the obligor, was yet important, with other circumstances, in its bearing upon the question of the intention with which his father had paid the amount to the holder. The instructions given were correct, and there is nothing to authorize the opinion that the jury was misled by the refusal to give those asked for by the plaintiff.

The Commissioners' book, witho proof that the tax list was given in upon oath, is admissible evidence against the owner of the property listed. And if the Commissioner be absent from the State they are admissible upon proof that the books are in the hand writing of the Commissioner.

On the question of evidence made on the trial, we are of opinion that the tax list of John Floyd found in the books of the Commissioner, and made out in his hand writing, were admissible, the Commissioner being absent from the State, without direct proof that it was given in or sworn to by John Floyd, or that he was ever actually apprised of its contents. The presumption is that both he and the officer performed the duties enjoined upon them respectively by law, and therefore, that the list was the act of John Floyd. As such it furnished (with other testimony in the cause,) ground for the inference that he

did not ragard these notes as a part of his estate or prop-
erty, and was, therefore, material in the case.

Wherefore, the judgment in each case is affirmed.

*Turner* for plaintiff; *Robertson & McKee* for defend-
ants.