## ELLEN E. STARKIE, ETC., *v.* R. B. OGDEN, ETC.

**Ejectment—Evidence—Books of County Assessor.**

The books of the county assessor for a certain year are not admissible in evidence, without proof by the assessor who made the assessment list, that the party giving them in swore to them, that the

assessor who took them is dead or absent from the state, and in either event proof should be made of the handwriting of the assessor.

### Adverse Possession—Instruction.

An instruction relating to adverse possession, that if the jury believe from the evidence that when O. entered the land he entered claiming to be owner of the whole tract, repudiating title in others to any part of the land, and that he and those claiming under him had been in continuous and adverse possession of the land for more than fifteen years before the commencement of the action, O. acquired title by adverse possession, is a correct statement of the law.

### Adverse Possession—Instruction.

The court properly instructed that if the jury believe from the evidence that when O. entered upon the land, he recognized the title of appellants' vendor, but afterwards claimed the whole tract by open and notorious acts clearly indicating a holding hostile to the claim of appellants, and that of their vendor, and that O. and those under him continued to claim and hold the land as their own adverse to all others for more than fifteen years before the commencement of the action, O. acquired title by adverse possession.

### Trial—Instruction—Giving Undue Prominence to Particular Facts.

An instruction which enumerates particular facts and gives emphasis and prominence to them, is erroneous.

APPEAL FROM BALLARD CIRCUIT COURT.

September 19, 1873.

Opinion by Judge Peters:

On the trial of this cause appellees offered in evidence to the jury the books of the assessors of Ballard County for the years 1847 to 1857, inclusive, continuing the tax lists to Col. Ogden without proving, by the assessors who took said tax lists, that Ogden gave them in, or swore to them, or that the assessors were absent from the state or dead, and without proving that said lists were in the handwriting of said assessors. Appellants objected at the time to the competency of said books, but the court below overruled their objections and permitted said tax lists as contained in the books to be read as evidence, to which ruling of the court appellants excepted, and in their motion for a new trial assigned that ruling as one of the reasons why it should be granted.

This ruling of the court below a majority of the judges of this court deems erroneous. Judge Lindsay dissenting therefrom. Og-

den's tax lists as therein contained were not competent unless the assessors were introduced to prove that he gave them in, or if they or any of them were absent from the state or dead, then proof should have been made that said lists were in the handwriting of said assessors. *Sutton, etc., v. Floyd,* 7 B. Mon. 3.

But the court is unanimously of the opinion that the instructions should conform to the following principles as the law governing the case: The deeds to the father of appellees were competent; but not conclusive as to how he entered upon and claimed the land; and the jury should have been told that if they believed from the evidence that he entered upon the land and claimed it as tenant in common with William Gwartney, the vendor of appellants, and continued to hold as such, and that appellants had acquired the title of his co-tenant, then the law was for them. But if the jury believed from the evidence that when Ogden entered he entered claiming to be the owner of the whole tract, repudiating title in any and all others to any part of said land, and that he and those claiming under him had been in the continued and adverse possession of the land for more than fifteen years before the commencement of this suit, then the law was for appellees. Or if they believed from the evidence that when he entered, he recognized the title of appellants' vendor, but afterwards claimed the whole tract by open and notorious acts clearly indicating a holding hostile to the claim of appellants, and that of their vendor, and that he and those under him continued to claim and hold the land as their own adverse to all others for more than fifteen years before the commencement of this suit, then the law was for appellees.

It is true that Instruction No. 5, given at the instance of appellees, contains an enumeration of particular facts to which emphasis and prominence are given, and instructions of that character are not *generally* approved by this court. The facts enumerated, if the jury believed them, may have been persuasive evidence of the manner of appellees' holding; still we think too great prominence was given those facts and it was calculated to withdraw the attention of the jury from other facts, which operated prejudicially to appellants and therefore erroneous.

There is no evidence that J. M. Ogden's house was possessed by persons hostile to him in his absence, or that his private papers and evidences of title were lost or destroyed, and the evidence that he

was taken from home during the late war was improperly admitted.

Wherefore, for the reasons indicated, the judgment must be reversed and the cause is remanded for a new trial and for further proceedings consistent herewith.

*Bullock, Marshall, Bodley, for appellants.*

*Turner, White, for appellees.*